```
 1  Matthew T. Billeci, Bar No. 329014
    mbilleci@jonesday.com
 2  JONES DAY
    3161 Michelson Drive
 3  Suite 800
    Irvine, California  92612.4408
 4  Telephone:  +1.949.851.3939
    Facsimile:  +1.949.553.7539
 5
    Attorneys for Movant
 6  EXPERIAN INFORMATION SOLUTIONS,
    INC.
 7
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Movant, <br><br> v. <br><br> CORNERSTONE FIRST MORTGAGE, LLC., <br><br> Respondents. | Case No. **'24CV0098 JES MMP** <br><br> [*Ancillary to* Civil Action No. 2:23-cv-04570-HG (E.D.N.Y.) (Hon. Hector Gonzalez)] <br><br> **EXPERIAN INFORMATION SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENAS** |

**NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT**, Movant Experian Information Solutions, Inc. ("Experian") will, and hereby does, move this Court for an Order, pursuant to Federal Rules of Civil Procedure 45(c)(2) and (d) and Southern District of California Local Rule 26.1(e), to Compel Compliance with Non-Party Subpoenas against Respondent Cornerstone First Mortgage, LLC ("Respondent").

The Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Matthew T. Billeci, including exhibits thereto, all of the papers on file in this action, and upon such other and further evidence or argument that the Court may consider.

Pursuant to Local Rule 26.1(a)-(b), Experian has in good faith attempted to confer with Respondent in an effort to obtain disclosure and production of relevant information, documents, and testimony without court action. As set forth in the Declaration of Matthew T. Billeci and in the Memorandum of Points and Authorities, those efforts were futile. Despite Experian's repeated communications and attempts to accommodate Respondent, no additional information or documents were produced, nor has Respondent agreed to make a representative available for a deposition. Accordingly, Experian now brings this motion.

Dated: January 12, 2024                    Respectfully submitted,

                                                JONES DAY

                                                By: *s/ Matthew T. Billeci*
                                                     Matthew T. Billeci

                                                Attorneys for Movant
                                                EXPERIAN INFORMATION SOLUTIONS, INC.

EXPERIAN'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS
Case No. .

# MEMORANDUM OF POINTS AND AUTHORITIES

# BACKGROUND

On June 20, 2023, Adam Mizrahi filed a lawsuit against Experian, Equifax Information Services, LLC ("Equifax"), and Verizon Wireless Services, LLC ("Verizon") in the United States District Court in and for the Eastern District of New York, alleging violations of the Fair Credit Report Act, 15 U.S.C. § 1681, *et seq*. *See Mizrahi v. Equifax Info. Servs, LLC*, No. 2:23-cv-04570-HG (E.D.N.Y.) (the "Mizrahi Litigation") (Billeci Decl. Ex. A, ¶¶ 52–85). Among other allegations, Mr. Mizrahi claims in the Mizrahi Litigation that he previously maintained a cellular service account with Verizon. (*Id.*, ¶ 14–16). After Mr. Mizrahi cancelled his Verizon account, Verizon apparently maintained that Mr. Mizrahi still owed $178.40 for certain unpaid charges related to international calls. (*Id.*, ¶ 22). Mr. Mizrahi disagreed and eventually filed purported dispute letters with Experian and Equifax claiming that the Verizon account was not being reported accurately on his consumer credit disclosures. (*Id.*, ¶ 33).

In connection with Mr. Mizrahi's damages claims, he alleges that the inaccurate reporting of the Verizon account was a "substantial factor contributing" to his inability to obtain a "refinanced mortgage from" "Cornerstone First Mortgage." (*Id.*, ¶¶ 42–45). "Cornerstone First Mortgage" appears to have reviewed Mr. Mizrahi's credit reports reflecting the allegedly inaccurate Verizon account and concluded that "it would not make sense" for Mr. Mizrahi to refinance his mortgage due to higher interest rates he would otherwise pay because of the Verizon account. (*Id.*, ¶¶ 43–44).

Given Respondent's apparent knowledge of and involvement with the claims in the Mizrahi Litigation, on December 18, 2023, Experian served two subpoenas on Respondent[1]: a subpoena for the production of documents via email or at Jones Day's

---

[1] Experian served the Subpoenas on Cornerstone First Mortgage, LLC, understanding it to be the relevant corporate entity referenced in the Complaint. However, to preserve its interests, Experian also served a production subpoena and deposition subpoena on Cornerstone First Mortgage, Inc.

EXPERIAN'S MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS
Case No. .

1  office in San Diego, California, with a return date and time of January 2, 2024, at
2  5:00 p.m. (the "Document Subpoena") (Billeci Decl., Ex. B), and a subpoena to
3  testify via virtual deposition on January 5, 2024 at 10:00 a.m. ET (the "Deposition
4  Subpoena") (Billeci Decl., Ex. D) (the Document Subpoena and the Deposition
5  Subpoena together, the "Subpoenas"). Both Subpoenas were personally served on
6  Respondent at its principal place of business at 2655 Camino del Rio N. #100, San
7  Diego, CA 92108 on December 18, 2023. (Billeci Decl., Exs. C, E).

   Despite a compliance date of January 2, 2024 (Billeci Decl., ¶ 3, Ex. B),
9  Respondent has never provided written responses or objections to the Document
10 Subpoena. Nor did it ever file any written responses or objections to the Deposition
11 Subpoena, despite its compliance date of January 5, 2024 (Billeci Decl., ¶ 4, Ex. D),
12 or seek any kind of protective order.

13   The morning of January 4, 2024, counsel for Experian emailed Respondent
14 regarding the Deposition Subpoena to remind Cornerstone of the scheduled
15 deposition the next day and to provide the link to the remote deposition platform.
16 (Billeci Decl., ¶ 5, Ex. F). Sean Cahan from Respondent called Experian's counsel
17 via telephone and left a message asking for Experian's counsel to call him back
18 regarding the deposition. (*Id*. ¶ 5, Ex. G). Experian's counsel responded that same
19 day via telephone, and left a message with Mr. Cahan's assistant named Parker, and
20 via email to try to reach Mr. Cahan, but was unable to reach him. (*Id*.)

21   Having received no response from Respondent (*id*.), Experian's counsel
22 appeared at the deposition of Respondent at the time noticed in the Deposition
23 Subpoena. (*Id*., ¶ 6, Ex. G). Respondent's representative failed to appear for its
24 deposition on January 5, 2024. (*Id*.) Experian's counsel emailed Cornerstone to
25 inquire whether it would be attending the deposition that had been scheduled to start
26 at 10 a.m. ET. (*Id*.) At 10:21 a.m., Sean Cahan, a representative of Respondent,

---

Because Cornerstone First Mortgage, Inc. also did not comply with either subpoena, Experian reserves the right to compel Cornerstone First Mortgage, Inc's compliance with the subpoenas.

EXPERIAN'S MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS
Case No. .

1  responded that same day stating that he believed the case had been dismissed and
2  asking counsel for Experian to call him to discuss the matter. (*Id.*, ¶ 7, Ex. G).
3  Counsel for Experian responded to Mr. Cahan's email, stating that the matter had not
4  been dismissed and that it would proceed with the deposition. (*Id.*) At 11:21 a.m.
5  ET, with no representative from Respondent having appeared at the deposition,
6  counsel for Experian took a notice of Respondent's non-appearance. (*Id.* ¶ 8, Ex.
7  H.).
8       Counsel for Experian called Mr. Cahan, as requested by Respondent, and
9  informed him that the case had not been dismissed and to ask him for new dates when
10 he would be available for the deposition. (*Id.* ¶ 9). Mr. Cahan responded that he was
11 very busy could only sit in one-hour increments for his deposition, and asked
12 Experian's counsel to email him and his assistant to reserve those dates. (*Id.* ¶ 10).
13 Accordingly, Experian's counsel emailed Mr. Cahan to reserve those dates, asking
14 Mr. Cahan to reserve four time slots that he represented during the call that he would
15 be available. (*Id.*). Those time slots ranged from 1 hour to 3 hour blocks of time, in
16 an effort to accommodate Mr. Cahan, for the total of 7 hours permitted under the
17 federal rules. (*Id.*). In that correspondence, Experian's counsel also reminded Mr.
18 Cahan that Respondent had yet to respond to Experian's Document Subpoena. (*Id.*,
19 Ex. G). Experian reserved the right to enforce the subpoenas. (*Id.*) Neither Mr.
20 Cahan nor anyone else from Respondent responded to this email correspondence.
21 (*Id.*).
22      Finally, on January 11, 2024, Experian's counsel contacted Mr. Cahan to
23 inform him that the Plaintiff's motion to dismiss has been denied by the judge
24 presiding over the case in the Eastern District of New York (*id.* ¶ 11, Ex. G.), which
25 allowed Experian to take "discovery into potentially sanctionable conduct." (Case
26 No. 2:23-cv-4570-HG (E.D.N.Y.), text order dated Jan. 11, 2024). Experian again
27 attempted to reschedule Respondent's deposition. (*Id.*). Experian's counsel also
28 reminded Mr. Cahan that Respondent had yet to respond to Experian's Document

EXPERIAN'S MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS
Case No. .

Subpoena. (*Id.*). In its correspondence, Experian reserved the right to enforce the subpoenas. (*Id.*). Once again, neither Mr. Cahan, nor anyone else from Respondent, responded to this email correspondence. (*Id.*).

In sum, Respondent has not complied with any of the Subpoenas. Indeed, despite Experian's repeated attempts at accommodation, Respondent has failed to respond in any fashion to the Subpoenas and has gone radio-silent for more than a week. Respondent's lack of compliance has prevented Experian from adequately preparing its defense in the Mizrahi Litigation. Respondents are clearly third-party entities with knowledge about the underlying claims asserted by Mr. Mizrahi.

## ARGUMENT

### A.   Experian's Subpoenas are Proper and Seek Relevant Information.

Federal Rule of Civil Procedure 45 sets forth the process for a party to obtain information from non-parties via subpoenas. This rule provides that a party may subpoena documents, electronically stored information, or tangible things in a non-party's possession, as well as require a non-party to attend and testify at a deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii).[2] Under Rule 45, "a third-party is subject to the same scope of discovery as a party, as defined under Rule 26(b)." *In re Subpoena on Sorrento Therapeutics, Inc.,* No. 3:17-cv-2442-WQH-NLS, 2018 WL 788899 (S.D. Cal. Feb. 8, 2018)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In addition, Rule 45(b)(2) allows a party to serve subpoenas "at any place within the United States."

As shown by the Proofs of Service, Experian properly served Respondent personally with the Subpoenas at its place of business at 2655 Camino del Rio N. #100, San Diego, CA 92108 on December 18, 2023. (*See* Billeci Decl., Exs. C & E).

---

[2] Rule 45 also sets forth the authority for a party, such as Experian, to seek an order of compliance from a non-party. Rule 45(d)(2)(B)(i) states: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

- 6 -

EXPERIAN'S MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS
Case No. .

The documents and testimony sought from Respondent in the Subpoenas are directly relevant to the allegations in the Mizrahi Litigation that (i) Respondent advised Mr. Mizrahi on May 17, 2023 that "due to the Verizon account that appears, your credit scores has been affected and you would be paying a higher interest rate," (ii) Respondent also advised that "Based on your current scores, it would not make sense for you to refinance your mortgage," and (iii) Experian's "inaccurate reporting" of the Verizon account "was a substantial factor contributing to [Mr. Mizrahi's] inability to qualify for an affordable interest rate on a refinanced loan." (Billeci Decl., Ex. A., ¶¶ 43–45). These statements were made by Respondent and directly referenced in the Complaint as a basis for damages (Compl. at ¶¶ 42-47), and Experian is entitled to cross-examine Respondent under oath about this statement and the underlying documents associated with the purported transaction. Accordingly, Experian's Subpoenas seek documents and testimony that are clearly relevant and material to Mr. Mizrahi's claims and Experian's defense.

### B. Respondent Has Waived the Right to Object to the Subpoenas.

Under the rules of procedure, objections to a subpoena must be served before the earlier of the time specified for compliance or fourteen days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). Here, despite the Subpoenas being properly served on Respondent on December 18, 2023, Respondent nonetheless failed to serve any objections prior to the time for compliance. (*See* Billeci Decl., Exs. B & D). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992) (citation omitted); *Neumeyer v. Wawanesa Gen. Ins. Co.*, No. 14-cv-0181 MMA(RBB), 2014 WL 12498212, at *2 (S.D. Cal. Dec. 16, 2014) (finding that "failure to properly object" to a Rule 45 subpoena "waives all grounds for objection, including privilege"); *HI.Q, Inc. v. ZeetoGroup, LLC*, No. MC 22-cv-01440-LL-MDD, 2022 WL 17345784, at *4 (S.D. Cal. Nov. 29, 2022) ("A nonparty that fails to timely and properly object to a

- 7 -

EXPERIAN'S MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS
Case No. .

subpoena generally waives any objection it may have had." (citation omitted). Under these authorities, Respondent has waived any objections to the Subpoenas.

### C. The Court Should Compel Immediate Compliance by Respondent.

The Court should compel Respondent to immediately produce documents and sit for a deposition under the properly issued and served Subpoenas. When a non-party who is properly served with a deposition subpoena fails to appear without adequate excuse and without seeking to quash the subpoena, the Court may enter an order compelling the non-party to appear. *HI.Q*, 2022 WL 17345784; *Castro v. United States,* No. 23-cv-00629-RBM-BGS, 2023 WL 3186285 (S.D. Cal. May 1, 2023); *Gordy v. Granlund*, No. 19-MC-80180-JSC, 2019 WL 3753184, at *2 (N.D. Cal. Aug. 8, 2019) (ordering nonparty's compliance with a subpoenaed deposition prior to any consideration for a show cause order under Rule 45(g)); *see also* Fed. R. Civ. P. 45(g) ("The court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.").

Since the Subpoenas seek relevant information and Respondent has waived any objections, the Court should compel Respondent to immediately comply with Experian's properly-issued Subpoenas by producing the requested documents and sitting for a deposition.

Dated: January 12, 2024              JONES DAY

By: *s/ Matthew T. Billeci*
    Matthew T. Billeci

Attorneys for Movant
EXPERIAN INFORMATION SOLUTIONS, INC.

- 8 -

EXPERIAN'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS
Case No. .